# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KATHY RICHBURG, ADRIANA GAMBOA, JEFFREY KOENIG, and CINDY MCGLONE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CONAGRA BRANDS, INC., <br><br> Defendant. | Case No. 1:22-cv-2420 |

## CONAGRA BRANDS, INC.'S REQUEST FOR JUDICIAL NOTICE
## IN SUPPORT OF ITS MOTION TO DISMISS CLASS ACTION COMPLAINT

Tobin J. Taylor (Bar #6238227)
Andrew J. Roth (Bar #6279716)
HEYL ROYSTER VOELKER & ALLEN, P.C.
33 N. Dearborn Street
7th Floor
Chicago, IL 60602
(312) 853-8700
ttaylor@heylroyster.com
aroth@heylroyster.com

Angela M. Spivey (*pro hac vice*)
Andrew G. Phillips (*pro hac vice*)
Jamie S. George (*pro hac vice*)
Alan Pryor (*pro hac vice*)
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)
angela.spivey@alston.com
andrew.phillips@alston.com
jamie.george@alston.com
alan.pryor@alston.com

*Attorneys for Conagra Brands, Inc.*

Pursuant to Fed. R. Evid. 201, Defendant Conagra Brands, Inc. ("Conagra") respectfully requests that the Court take judicial notice of the following document—the Food & Drug Administration's "Authorized Uses of PFAS in Food Contact Applications," U.S. Food & Drug Administration, *available at* https://www.fda.gov/food/chemical-contaminants-food/authorized-uses-pfas-food-contact-applications (last access July 24, 2022) ("FDA PFAS Guidance")—in resolving its Motion to Dismiss Plaintiffs' Class Action Complaint. A true and correct copy of the FDA PFAS Guidance is attached hereto as **Exhibit A**.

When deciding a motion to dismiss, a district court may take judicial notice of "matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment." *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008); *accord Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Under the Federal Rules of Evidence, a fact is judicially noticeable when it is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Global Mat'l Techs., Inc. v. Dazheng Metal Fibre Co. Ltd.*, 2013 WL 80369, at *3 (N.D. Ill. Jan. 7, 2013) (stating that judicial notice is appropriate for "facts that are 'not subject to reasonable dispute' because they are either 'generally known within the . . . court's territorial jurisdiction,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned'") (quoting Fed. R. Evid. 201(b)).

The FDA PFAS Guidance attached as Exhibit A is a "matter in the public record" and properly subject to judicial notice. *Van Tassell v. United Mktg. Group, LLC*, 795 F. Supp. 2d 770, 780 (N.D. Ill. 2011); *see also ChampionsWorld LLC v. U.S. Soccer Fed'n, Inc.*, 726 F. Supp. 2d 961, 965 (N.D. Ill. 2010) (judicially noticing "public documents whose accuracy is easily verifiable and not subject to reasonable dispute"). Specifically, as the Northern District of

Illinois observed, the Court may take judicial notice of guidance provided on the FDA's website—such as Exhibit A—because they are matters of public record. *See, e.g.*, *Gubala v. CVS Pharm. Inc.*, 14-cv-09039, 2016 U.S. Dist. LEXIS 32759, at *18 n. 10 (N.D. Ill. Mar. 15, 2016) (collecting cases to observe that "[t]he Court can take judicial notice of the FDA Food Labeling Guide because it is available on a government agency website"); *United States ex rel. Suarez v. AbbVie, Inc.*, 503 F. Supp. 3d 711, 721 (N.D. Ill. 2020) (taking judicial notice of websites and blogs related to prescription immunosuppressive medication as matters of public record). As such, Exhibit A's accuracy is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

WHEREFORE, Conagra requests that the Court take judicial notice the document submitted concurrently with this Request, in conjunction with Conagra's Motion to Dismiss.

DATED: July 25, 2022  /s/ Tobin J. Taylor
      *Attorney for Defendant Conagra Brands, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed on July 25, 2022, with the Court and served electronically through the CM/ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case.

*/s/ Tobin J. Taylor*