UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHY RICHBURG, ADRIANA GAMBOA, JEFFREY KOENIG, and CINDY MCGLONE, individually and on behalf of all others similarly situated, </br></br>　　　　　Plaintiffs,</br></br>v.</br></br>CONAGRA BRANDS, INC.,</br></br>　　　　　Defendant. | )</br>)</br>)</br>)</br>)</br>) Case No. 1:22-cv-2420</br>)</br>)</br>)</br>)</br>)</br>) |

## CONAGRA BRANDS, INC.'S MOTION TO
## RELATE AND REASSIGN CASE AND MEMORANDUM IN SUPPORT

Pursuant to Local Rule 40.4, Defendant Conagra Brands, Inc. ("Conagra") respectfully moves to relate and reassign *Julie Ruiz v. Conagra Brands, Inc.*, No. 1:22-cv-02421 ("*Ruiz*"), from Honorable Jorge L. Alonso to Honorable Robert W. Gettleman. The *Ruiz* case is related to the pending *Richburg* case (collectively, the "Conagra Actions") as both cases involve substantially similar factual allegations and address overlapping legal issues. In line with the purposes of Local Rule 40.4, reassigning the *Ruiz* matter so the Conagra Actions are before the same judge will save substantial judicial resources and avoid inconsistent pretrial rulings. Therefore, Conagra respectfully requests this Court conclude the Conagra Actions are related and reassign the *Ruiz* case to this Court.

### I.　　BACKGROUND

On May 6, 2022, the law firm of Milberg Coleman Bryson Phillips Grossman, PLLC filed two putative class actions against Conagra in the Northern District of Illinois. *See generally* Dkt. 1; *Ruiz*, Dkt. 1. A copy of the *Ruiz* complaint is attached hereto as **Exhibit A** pursuant to

N.D. Ill. Local Rule 40.4(c). The cases were assigned sequential case numbers and (save for the named plaintiffs and the specific products and label claims at issue) they contain nearly identical allegations. Conagra has retained undersigned counsel to defend it in both matters.

### A. The Plaintiffs' Allegations in the Conagra Actions

According to their Complaints in the Conagra Actions, the plaintiffs allege that certain varieties of Conagra's microwave popcorn products—manufactured and marketed under the Angie's BOOMCHICKAPOP® and Orville Redenbacher's® brands—are falsely and misleadingly labeled. *See* Dkt. 1 at ¶ 1; *Ruiz*, Dkt. 1 ¶ 1. Specifically, both Complaints challenge that the products' representations concerning their *ingredients* are false and misleading because they allegedly contain one or more unspecified substances (among the thousands of chemical compounds) known as "PFAS." *See* Dkt. 1 at ¶ 1 (challenging the label claims "only real ingredients" and "100% ingredients from natural sources"); *Ruiz*, Dkt. 1 ¶ (challenging the label claims "only real ingredients," "ingredients sourced from nature," and "Real, Simple Ingredients. Nothing Fake").

The plaintiffs in both Conagra Actions rely on the same articles to allege that "studies show that consumption of microwave popcorn is associated with higher PFAS chemical levels in humans as a direct consequence of PFAS migration from microwave popcorn bags." Dkt. 1 at ¶ 55, n. 33 (incorporating into the Complaint Arabela Ramírez Carnero et al., *Presence of Perfluoroalkyl and Polyfluoroalkyl Substances (PFAS) in Food Contact Materials (FCM) and Its Migration to Food*, 10(7) Foods 1443 (2021), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC8306913/#B29-foods-10-01443); *Ruiz*, Dkt. 1 ¶¶ 58, 86 n.48 (incorporating same article into the *Ruiz* Complaint). Both Conagra Actions also allege that the plaintiffs performed independent third-party testing "to determine whether the

2

Products' *bags*"—not the cooked or uncooked popcorn itself—contain PFAS chemicals. Dkt. 1 at ¶ 59 (emphasis added); *Ruiz*, Dkt. 1 ¶ 62 (emphasis added). Plaintiffs aseert in both Complaints that testing detected "organic fluorine," which is alleged to be an indicator of PFAS. *See* Dkt. ¶ 62; *Ruiz*, Dkt. 1 ¶ 65.

The plaintiffs in both Conagra Actions claim only economic injury as a result of these alleged misrepresentations and omissions. *See* Dkt. 1 ¶¶ 80, 150, 270; *Ruiz*, Dkt. 1 ¶¶ 82, 126, 190 (identical allegations of economic injury). Each suit seeks compensatory and punitive damages, restitution, injunctive relief, and to certify a nationwide class of "all persons who purchased the Products in the United States within the applicable statute of limitations for person use and not resale, until the date notice is disseminated." Dkt. 1 ¶ 151, Prayer for Relief; *Ruiz*, Dkt. 1 ¶ 127, Prayer for Relief.

    **B.**    **Conagra's Motions to Dismiss the Conagra Actions**

On July 25, 2022, Conagra moved to dismiss the Conagra Actions on identical grounds under Federal Rules 12(b)(1) and 12(b)(6). *See generally* Conagra's Br. Supp. Mot. Dismiss Dkt. 20; *Ruiz*, Conagra's Br. Supp. Mot. Dismiss, Dkt. 18 (a copy of which is attached hereto as **Exhibit B**). Specifically, Conagra argues in both Motions that the plaintiffs cannot establish concrete economic harm and that their allegations otherwise are too speculative to establish standing under Article III. *See* Dkt. 20, at 7-15; *Ruiz*, Dkt. 18, at 7-15. Conagra also moves for dismissal under Federal Rule 12(b)(6) on substantially identical grounds in each case, contending that the plaintiffs' allegations regarding PFAS are not plausible, the challenged labeling statements regarding the products' *ingredients* would not mislead reasonable consumers, the plaintiffs' claims are expressly preempted by the Nutrition Labeling and Education Act and its implementing regulations, and certain of the plaintiffs' other claims fail as a matter of law. *See*

3

Dkt. 20, at 15-24; *Ruiz*, Dkt. 18, at 15-24.

Notably, in moving to dismiss the Conagra Actions, Conagra points out the same flaws that span across both of the plaintiffs' Complaints. For instance, as Conagra argues in its briefing, neither Complaint in the Conagra Actions alleges that any PFAS chemical was an actual *ingredient* in the popcorn, but rather allege that some unidentified PFAS chemical(s) may have been present in the product *packaging*. *See* Dkt. 20, at 2-3; *Ruiz*, Dkt. 18, at 2-3. Additionally, Conagra highlights that the studies cited in both Complaints do not support the allegations regarding the presence of PFAS in the popcorn itself. *See* Dkt. 20, at 3-4; *Ruiz*, Dkt. 18, at 3-4. Moreover, Conagra explains that both of the Conagra Actions fail as a matter of law because of "what they do not allege"—factual allegations necessary to assert plausible claims for relief. Dkt. 20, at 5; *accord Ruiz*, Dkt. 18, at 5.

In short, whether analyzing from the viewpoint of the claims and allegations made in the Conagra Actions, or Conagra's defenses, there is substantial overlap in the factual allegations and legal issues presented in the Conagra Actions. Accordingly, they should be deemed related and reassigned to this Court's calendar.

## II.     ARGUMENT AND CITATION TO AUTHORITY

The Conagra Actions present precisely the circumstances that Local Rule 40.4 was designed to resolve: cases that raise substantially similar allegations and overlapping legal questions yet remain pending before different judges in the Northern District of Illinois. Accordingly, under Local Rule 40.4 these cases should be related and reassigned to this Court's docket. Doing so best preserves judicial economy, avoids inconsistent adjudications, and efficiently resolves both actions.

### A. This Case and the *Ruiz* Action Are Related

Local Rule 40.4 sets out the procedure for reassigning "related" civil cases, drawing from the Federal Rules' authorization that if actions involve overlapping issues of fact or law, the trial court may "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(3). The Federal Rules are "designed to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Blocker v. City of Chicago,* 2011 U.S. Dist. LEXIS 27404, at *5-6 (N.D. Ill. Mar. 16, 2011) (citing 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2381). Under the Court's Local Rules, two or more cases are related if one of the following conditions is met:

(1) the cases involve the same property;

(2) the cases involve some of the same issues of fact or law;

(3) the cases grow out of the same transaction or occurrence; or

(4) in class action suits, one or more of the classes involved in the case is or are the same.

N.D. Ill. Local R. 40.4(a).

Local Rule 40.4(a) "defines 'relatedness' with a broad brush, under which any one of its four subparts, looked at disjunctively, suffices to make two or more cases 'related' to each other." *Targin Sign Sys., Inc. v. Preferred Chiropractic Ctr.,* 714 F. Supp. 2d 901, 902 (N.D. Ill. 2010). Here, there is no legitimate dispute that *Ruiz* is related to this matter. Both involve substantially similar factual allegations regarding Conagra's labeling of its popcorn products. This factual basis, in turn, leads to the same discrete legal questions, such as overlapping state consumer protection claims, and putative classes defined with identical terms. Moreover, Conagra's Motions to Dismiss demonstrates that the legal questions of standing and whether the

5

Complaint raises plausible claims for relief in *both* of the Conagra Actions pose substantially identical legal issues and are judged on the same standards. Although the named plaintiffs and the specific products at issue may vary between this case and the *Ruiz* matter, "[t]wo cases need not be absolutely identical" to be deemed related "and suitable for reassignment under Rule 40.4." *BP Corp. N. Am. Inc. v. N. Trust Invs., N.A.*, No. 08-cv-06029, 2009 U.S. Dist. LEXIS 50283, at *4 (N.D. Ill. June 15, 2009); *Stingley v. Laci Transp.*, No. 18-cv-06221, 2020 U.S. Dist. LEXIS 259975, at *8-9 (N.D. Ill. Dec. 1, 2020) ("To the extent there is not perfect symmetry between *Johnson* and *Stingley*, a finding of relatedness is still appropriate, as Local Rule 40.4(a) does not require complete identity of issues in order for cases to be considered related.") (internal cits. omitted). As the district court in *BP Corporation* observed, that there are "nuances particular to each case" should not prevent a finding of relatedness and reassignment if they present similar factual issues and overlapping legal issues—as they do here. *See* 2009 U.S. Dist. LEXIS 50283, at *5-7.

The Court should, therefore, conclude this case and the *Ruiz* case are related because they involve "some of the same issues of fact or law[.]" N.D. Ill. Local R. 40.4(a).

    **B.**    **The *Ruiz* Case Should Be Reassigned to This Court's Calendar**

Where civil cases are related, as they are here, Local Rule 40.4(b) provides that the later-filed case (*Ruiz*) may be reassigned to the calendar of the judge assigned to the earlier-filed case (this case) if the following conditions are met:

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in substantial savings of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier cases substantially; and

  (4) the cases are susceptible of disposition in a single proceeding.

N.D. Ill. Local R. 40.4(b).

  These conditions are met here. *First*, both this case and *Ruiz* are pending in the Northern District of Illinois.

  *Second*, "because of the overlap in issues, the handling of all [the] cases by one judge is likely to result in a substantial savings of time and effort." *Popovich v. McDonald's Corp.,* 189 F. Supp. 2d 772, 778 (N.D. Ill. 2002). The Court will encounter similar factual issues in both cases. Here, the plaintiffs in both actions will seek discovery regarding the labeling and packaging of the challenged Conagra popcorn food products. Because both of the challenged products are microwave popcorn products produced by the same Conagra business unit, discovery will involve a significant overlap of witnesses, documents, and corporate and fact witnesses. As another court observed, even if discovery "likely will be complex, [] the court will preserve resources if only one judge, rather than two, must resolve similar discovery disputes." *BP Corp.*, 2009 U.S. Dist. LEXIS 50283, at *7. Additionally, the Court will be well-equipped to resolve pending motions practice, including Conagra's Motions to Dismiss, because it will be familiar with similar—or even identical—issues raised by the parties.

  Even if the cases were to proceed past the pleadings stage (and Conagra suggests that, in light of the pending Motions to Dismiss, they should not), reassigning the *Ruiz* matter to this judge's calendar would still pay substantial dividends. The parties have already demonstrated their willingness to work together to streamline these proceedings. The parties amicably worked together to regarding service and response deadlines and have held productive conferences on other scheduling and case management issues, which minimizes the burden on the presiding judges and the parties. *Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.*, No.

20 CV 2523, 2020 U.S. Dist. LEXIS 249428, at *10 (N.D. Ill. Sep. 4, 2020) (highlighting the parties' demonstrated "willingness and ability to work together to streamline proceedings" was a factor to its conclusion that reassigning the cases "is likely to realize a substantial savings of judicial effort"). Reassigning the *Ruiz* case also promises substantial savings because a single judge would be familiar with overlapping legal and factual issues, particularly since same counsel represent the parties in both actions. *See, e.g.*, *Murry v. America's Mortg. Banc, Inc.*, No. 03 C 5811, 2004 U.S. Dist. LEXIS 3148, at *7 (N.D. Ill. Feb. 27, 2004) ("With the reassignment of [the later-filed case]*,* only one judge will need to rule on the dispositive motions filed by [the] defendants . . . . In both cases the plaintiffs will be filing motions for Class Certification that will likely involve substantially identical briefs and issues because the same law firm represents the plaintiffs in both cases subject to this motion."). Additionally, reassigning the *Ruiz* case to the calendar of this Court would reduce the risk of inconsistent or potentially conflicting rulings.

*Third*, neither case has progressed to the point that reassignment to this Court's calendar would cause substantial delay. Indeed, the Conagra Actions were filed on the same day and are progressing on similar tracks. Conagra moved to dismiss both Conagra Actions on the same day, and those motions are still being briefed.[1] Similarly, no discovery has occurred to date.

*Fourth*, both cases "are susceptible of disposition in a single proceeding." N.D. Ill. Local R. 40.4(b)(4). For instance, the Conagra Actions may be disposed of together as early as the pleadings stage because Conagra raises substantially identical arguments in its Motions to Dismiss. Conagra submits that the issues of Article III standing, whether the plaintiffs have asserted plausible claims for relief, and whether the challenged labeling statements regarding the

---

[1] Indeed, there will likely be ***no*** meaningful delay. Both cases are in their infancy and Conagra has filed unopposed motions to stay in this case and in *Ruiz* pending the Court's resolution of this motion to relate and reassign so that the cases can proceed on coordinated tracks.

products' *ingredients* would mislead reasonable consumers (among other arguments) are dispositive at the motion to dismiss stage and, therefore, render both of the Conagra Actions susceptible of disposition in one fell swoop. *Stingley*, 2020 U.S. Dist. LEXIS 259975, at *11 ("[I]mportant legal questions that may well be susceptible to resolution through motion practice."). Even if this case were to proceed beyond the pleadings, it still would be susceptible to disposition in a single proceeding because, given the identity in counsel for the plaintiffs and for Conagra, the Court may readily expect "substantially identical briefs and issues" raised at the class certification stage or on motions for summary judgment.[2] *Murry*, 2004 U.S. Dist. LEXIS 3148, at *7.

In sum, Conagra has satisfied each fact or for reassignment under N.D. Ill. Local R. 40.4(b).

### III. MEET AND CONFER

Counsel for Conagra has met and conferred with counsel for Plaintiffs regarding this Motion. Counsel for Plaintiff reserve the right to oppose this Motion or the specific relief sought herein.

### IV. CONCLUSION

For the foregoing reasons, Conagra respectfully requests that the Court enter an order finding the Conagra Actions are related and reassignment is appropriate, and ordering that *Julie*

---

[2] Nothing in this Motion to Relate and Reassign, however, should be construed as a concession that, even if the plaintiffs could proceed past the motion to dismiss stage, they could establish any of the elements of Rule 23(a), that common issues predominate over individual issues, or that the Court should certify an injunctive relief class. Conagra maintains that, despite the similarity in the two Complaints drafted by the same counsel, the plaintiffs would not—and could not—show that any class should be certified in either of the Conagra Actions. Indeed, class certification may ultimately be *denied* on similar legal grounds in both of the Conagra Actions. If anything, this provides another valid basis for this Court to conclude that both of the Conagra Actions "are susceptible to disposition in a single proceeding." N.D. Ill. Local R. 40.4(b)(4).

*Ruiz v. Conagra Brands, Inc.*, No. 1:22-cv-02421 be reassigned to the calendar of Judge Gettleman.

Dated this 2nd day of August, 2022.                    Respectfully submitted

                                                    By:*/s/ Tobin J. Taylor*
                                                    Angela M. Spivey (*pro hac vice*)
                                                    Andrew G. Phillips (*pro hac vice*)
                                                    Jamie S. George (*pro hac vice*)
                                                    Alan F. Pryor (*pro hac vice*)
                                                    ALSTON & BIRD LLP
                                                    One Atlantic Center
                                                    1201 West Peachtree Street
                                                    Atlanta, GA 30309-3424
                                                    Telephone: 404-881-7000
                                                    Facsimile: 404-881-7777
                                                    angela.spivey@alston.com
                                                    drew.phillips@alston.com
                                                    jamie.george@alston.com
                                                    alan.pryor@alston.com

                                                    Tobin J. Taylor (Bar #6238227)
                                                    Andrew J. Roth (Bar #6279716)
                                                    Heyl Royster Voelker & Allen, P.C.
                                                    33 N. Dearborn Street
                                                    7th Floor
                                                    Chicago, IL 60602
                                                    (312) 853-8700
                                                    ttaylor@heylroyster.com
                                                    aroth@heylroyster.com

                                                    *Counsel for Defendant Conagra Brands, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2022, a true and exact copy of the foregoing *Motion To Relate and Reassign Case and Memorandum In Support* was filed with the Court using the CM/ECF system, which will automatically notify and serve all counsel of record.

      */s/ Tobin Taylor*
Tobin J. Taylor
*Counsel for Defendant Conagra Brands, Inc.*