IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHY RICHBURG, ADRIANA GAMBOA, JEFFREY KOENIG, and CINDY MCGLONE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CONAGRA BRANDS, INC., <br><br> Defendant. | Case No. 22 CV 2420 <br><br> Judge Robert W. Gettleman |

**MEMORANDUM OPINION & ORDER**

Plaintiffs Kathy Richburg, Adriana Gamboa, Jeffrey Koenig, and Cindy McGlone (collectively, "plaintiffs"), individually and on behalf of all others similarly situated, bring this ten-count class action complaint against defendant Conagra Brands, Inc. ("Conagra" or "defendant").[1] Plaintiffs allege that defendant deceptively marketed its Orville Redenbacher's® microwave popcorn products ("Redenbacher products"). Defendant has moved to dismiss this class action complaint (Doc. 19), in addition to moving this court to take judicial notice of the Food & Drug Administration's "Authorized Uses of PFAS in Food Contact Applications" (Doc. 21). Both motions remain pending because this court granted defendant's unopposed motion to stay the proceedings until the court resolves the instant motion (Doc. 25). In the instant motion, defendant moves the court to reassign Julie Ruiz v. Conagra Brands, Inc., No. 22 CV 2421, from the Honorable Jorge L. Alonso to the Honorable Robert W. Gettleman, pursuant to Local Rule 40.4 as a related case (Doc. 23). For the reasons discussed below, the court grants defendant's

---

[1] Plaintiffs' class action complaint includes ten counts, although "Count X" is ostensibly missing despite plaintiffs including a Count XI.

1

motion, with limitations.

## BACKGROUND

Defendant is a prominent packaged food manufacturer that produces a variety of well-known food products, including microwave popcorn. Consumers prepare microwave popcorn by heating a specially designed bag containing unpopped popcorn kernels and additives. When consumers place the bag in the microwave, the heat pops the kernels. In the instant case, plaintiffs are concerned specifically with defendant's Redenbacher products, although defendant produces a variety of microwave popcorn products. Based on information and belief, plaintiffs allege that all of defendant's Redenbacher products utilize a substantially similar microwave popping bag.

Plaintiffs claim that microwave popcorn creates a "unique risk" of exposure to per- and polyfluoroalkyl substances ("PFAS") because PFAS are used in food contact materials like microwave popping bags. According to plaintiffs, PFAS are "a category of human-made chemicals with a toxic, persistent, bioaccumulative nature which are associated with numerous health concerns." Plaintiffs explain that manufacturers use PFAS to treat food contact materials, such as wrappers and packaging, because it increases their water and grease resistance, in addition to enhancing their non-stick properties. They cite studies that "have confirmed that PFAS [in food contact materials] migrates to food, where it is then ingested by consumers," resulting in significantly higher PFAS chemical levels. Plaintiffs base their conclusions on independent third-party testing that allegedly supports their claims.

Plaintiffs claim that defendant intentionally utilizes its marketing to drive sales and increase profits from health-conscious consumers. They believe that defendant's marketing and labeling strategies are deceitful because defendant allegedly aggressively and strategically

utilizes misleading representations "to convince consumers that the Products are free of unnatural or artificial ingredients." According to plaintiffs, defendant labels its Redenbacher products as containing "only real ingredients" and "100% ingredients from natural sources" when instead they contain harmful PFAS levels.

Plaintiffs bring the instant suit to "halt Conagra's dissemination of false and misleading representations and to correct the false and misleading perception that Conagra's representations have created in the minds of reasonable consumers." Plaintiffs bring individual and class claims under consumer fraud and deceptive trade practice statutes in Illinois (Counts I and II), California (Counts III, IV, and V), New York (Counts VI and VII), Florida (Count VIII), in addition to a multi-state consumer protection class (Count IX) and nationwide class (Count XI). They claim that they, and class members, were harmed when they purchased defendant's Redenbacher products because of defendant's material representations (i.e., that defendant's Redenbacher products are made with only "natural" and "real" ingredients) and omissions (i.e., that defendant's Redenbacher products are packaged in bags containing significant levels of migrating PFAS). Plaintiffs allege that they, and other reasonable consumers, would not have purchased the Redenbacher products if defendant had disclosed the presence of PFAS in its advertising.

On the same day that plaintiffs filed the instant case, Julie Ruiz, individually and on behalf of all other similarly situated individuals, brought another class action complaint against defendant in this court concerning defendant's allegedly false and misleading labeling of another of its microwave popcorn products, Ruiz v. Conagra Brands, Inc., No. 22 CV 2421 ("Ruiz"). Unlike the instant case, which involves defendant's Redenbacher products, Ruiz involves defendant's Angie's BOOMCHICKAPOP® microwave popcorn products

3

("BOOMCHICKAPOP products"). Ruiz claims that defendant's labeling of its BOOMCHICKAPOP products as containing "only real ingredients," "ingredients sourced from nature," and "Real, Simple Ingredients. Nothing Fake." is false. Plaintiff alleges that instead, defendant's BOOMCHICKAPOP products contain significant levels of PFAS as a direct consequence of PFAS migration from their microwave popping bags. Like in the instant case, plaintiff bases her claims on the results of independent third-party testing. She argues that defendant's misleading representations and omissions induced her, and other reasonable consumers in the class, to purchase a harmful product. She brings individual and class claims under California consumer fraud and deceptive trade practice statutes (Counts I, II, and III), as well as multi-state consumer protection (Count IV) and nationwide (Count V) classes.

## LEGAL STANDARD

A district court has discretion to reassign a case pursuant to Local Rule 40.4. See Clark v. Ins. Car Rentals, 42 F. Supp. 2d 846, 847 (N.D. Ill. 1999). Under Local Rule 40.4, the moving party must demonstrate that reassignment is appropriate. L.R. 40.4(c). A case may be reassigned only if the cases are "related" and if certain criteria are met. Cases are "related" if at least one of the following criteria is satisfied: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same. L.R. 40.4(a).

If two cases are "related," then the later-numbered case may be reassigned to the calendar of the judge hearing the earlier-numbered case if each of the following criteria is met: (1) both cases are pending in this district; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to

4

the point where designating a later filed case as related would likely substantially delay the proceedings in the earlier case; and (4) the cases are susceptible of disposition in a single proceeding. L.R. 40.4(b).

Relatedly, a district court has discretion to consolidate actions involving a common question of law or fact pursuant to Federal Rule of Civil Procedure 42(a). The purpose of consolidation is to allow the court to dispatch its docket with expediency and economy while providing justice to the parties. See Blocker v. City of Chicago, No. 09-CV-7052, 2011 WL 1004137, at *2 (N.D. Ill. Mar. 16, 2011). The Seventh Circuit has emphasized that related cases pending before the same court should be consolidated before a single judge to avoid wasteful overlap. See, e.g., Blair v. Equifax Check Servs., 181 F.3d 832, 839 (7th Cir. 1999).

## DISCUSSION

In support of its motion to reassign Ruiz from Judge Alonso to Judge Gettleman, defendant argues that both cases involve substantially similar factual allegations and address overlapping legal issues. Both Ruiz and the instant case were filed on the same day, by the same law firm, against the same defendant. According to defendant, the two cases concern "nearly identical allegations." Discovery has not begun in either case, and defendant has filed motions to dismiss in both cases, which were filed on the same day, on the same grounds. Defendant argues that reassignment will save substantial judicial resources and avoid inconsistent pretrial rulings.

Notably, plaintiffs do not oppose the relief sought in defendant's motion to the extent that defendant seeks to reassign the Ruiz case to the Richburg case (including to coordinate certain matters, such as discovery) pursuant to Local Rule 40.4. The court agrees that the cases are

5

"related" under Local Rule 40.4(a)[2] and that all the criteria under Local Rule 40.4(b) are met.[3] Plaintiffs oppose defendant's motion to the extent, if any, that defendant seeks <u>consolidation</u>, above and beyond <u>coordination</u>, of the cases.

Plaintiffs argue that consolidation is inappropriate. First, plaintiffs explain that Local Rule 40.4 does not use the term "consolidate," and consolidation is governed by Federal Rule of Civil Procedure 42. As plaintiffs note, defendant does not seek relief under Rule 42. Moreover, plaintiffs argue that courts generally address reassignment differently than consolidation. <u>See, e.g.</u>, <u>Brunner v. Jimmy John's, LLC</u>, No. 14 C 5509, 2016 WL 7232560 (N.D. Ill. Jan. 14, 2016); <u>Peery v. Chicago Hous. Auth.</u>, No. 13-CV-5819, 2013 WL 5408860, at *2 (N.D. Ill. Sept. 26, 2013) ("[P]laintiffs appear to conflate reassignment for relatedness under LR 40.4 with consolidation under Federal Rule of Civil Procedure 42. Yet LR 40.4 does not require that the cases can or should be consolidated nor does reassignment necessarily lead to consolidation for all purposes.") (internal citations omitted).

The court agrees that reassignment does not require consolidation and defers the consolidation issue for later resolution. Plaintiffs argue that the court should not consolidate the cases because they "expect that discovery will reveal key differences in the formulation, manufacturing, labeling and marketing of Orville Redenbacher's® and Angie's BOOMCHICKAPOP® products." The court notes that defendant has not replied to plaintiffs' consolidation versus coordination argument.[4] The court also notes that defendant does not use

---

[2] That is, the cases involve some of the same issues of fact or law, which is sufficient under Local Rule 40.4(a) for a court to determine that cases are "related."

[3] The cases are both pending in the Northern District of Illinois; having the same judge handle both cases is likely to result in a substantial saving of judicial time and effort; neither case, much less the earlier case (the instant case), has progressed to the point where designating the later filed case (<u>Ruiz</u>) as related would likely substantially delay the proceedings in the earlier case; and the cases are susceptible of disposition in a single proceeding.

[4] According to the court's briefing schedule set on August 3, 2022, defendant's reply regarding its motion to relate and reassign was due on September 8, 2022. The court has not received defendant's reply nor any indication that defendant intends to file a reply.

the words "consolidate" or "consolidation" in its motion to relate and reassign, minimizing the immediacy of plaintiffs' concerns, if not eliminating their concerns entirely. Regardless, the court finds that reassignment does not require that the two cases be bound together for all purposes, and given plaintiffs' concerns, the court grants defendant's motion while exercising its discretion to defer for later resolution whether the cases should be consolidated. See, e.g., Popovich v. McDonald's Corp., 189 F. Supp. 2d 772, 778 (N.D. Ill. 2002).

## CONCLUSION

For the reasons stated above, the court grants defendant's motion to relate and reassign (Doc. 23), although the court does not grant, at this time, defendant's motion to the extent, if any, that defendant seeks to consolidate the cases. The court finds that the instant case is related to Julie Ruiz v. Conagra Brands, Inc., 22 CV 2421 (pending before Judge Alonso) within the meaning of Local Rule 40.4(a) and that reassignment of Ruiz to the calendar of the undersigned judge is appropriate under Local Rule 40.4(b). The parties are directed to submit a joint proposed briefing schedule for the pending motions to dismiss and for judicial notice on or before November 16, 2022.

**ENTER:**

Robert W. Gettleman
United States District Judge

**DATE: November 9, 2022**